MICHAEL J. GABLEMAN, J.
¶ 80 (concurring). I agree with the conclusion and analysis of the majority opinion and join it. I write separately, however, to explain that the court of appeals does, and should, have the power to raise and decide issues not briefed by the parties.
¶ 81. The court of appeals raised the issue of whether Alexander's counsel was ineffective sua sponte. Majority op., f 13. The State argues that this was error because Alexander "forfeited" this argument, as he did not object to the statements in the PSI report at the circuit court or raise the issue to the court of appeals. Before this court, both parties briefed the issue of whether the court of appeals has the power to raise and decide on its own an issue that is not raised or briefed by the parties. The majority opinion does not address the issue squarely, but because it resolves the case on the issue of prejudice, rather than forfeiture, *328 one might assume that this court agrees that the court of appeals has power to raise an issue sua sponte.
¶ 82. I believe that we should answer the issue briefed by the parties more directly and reaffirm our previous holdings concerning the power of the court of appeals in this regard.
¶ 83. Ordinarily, appellate courts "will not consider or decide issues which are not specifically raised on appeal." Waushara Cnty. v. Graf, 166 Wis. 2d 442, 451, 480 N.W.2d 16 (1992). However, it is axiomatic that this court is not bound by the issues presented or the arguments made by the parties. A similar principle applies to the court of appeals. See id. at 453 (noting that "the court of appeals had no obligation to look beyond the issues presented" but that "it was within the court's discretion to do so"). The court of appeals is primarily an error correcting court. Were it not allowed to reach certain issues not briefed by the parties, that purpose would be frustrated.
¶ 84. Contrary to the argument advanced by the State, the court of appeals does, and should, have the power to raise the issue of ineffective assistance of counsel on its own. In our "two-tiered appellate system, the court of appeals is destined to be the court of last resort for most cases." Vollmer v. Luety, 156 Wis. 2d 1, 15, 456 N.W.2d 797 (1990). While the court of appeals does not have the broad powers that this court has to review any issue, in order to fulfill its purpose as an error correcting court the court of appeals must be able to reach issues such as ineffective assistance of counsel even when they are not raised by the parties. See State v. Schumacher, 144 Wis. 2d 388, 408 n.14, 424 N.W.2d 672 (1988) ("the court of appeals' discretionary power must extend to a discretionary *329 power to review such matters as. . . ineffective-assistance-of-counsel claims").
¶ 85. It will be the normal case where the parties to a particular action drive the litigation and frame the issues on appeal. However, there are situations in which an issue such as ineffective assistance of counsel is not raised, but should have been. In such a case it is appropriate for the court of appeals, or this court, to raise the issue on its own, and, if the record permits, decide the case on that ground.
¶ 86. For the foregoing reasons, I respectfully concur.